By the Court.
 

 This is an original action in this court, in mandamus, seeking to compel the auditor of state to deliver a warrant on the treasurer of state for the sum of $1,000, payable out of an appropriation to afford relief to townships by providing for the creation of a system of county highways and authorizing state aid in the construction thereof. The original legislation authorizing such improvements and state aid is found in Sections 6965 to '6972, both inclusive, General Code (110 O. L., 267). The specific appropriation was made as a part of the general appropriation bill of the Eighty-Sixth General Assembly, and that specific appropriation was in the amount of $350,000 for the current year. Section 6971 provides that the
 
 *435
 
 state aid for each, township shall be such sum as shall be deemed just and reasonable, but in no event less than $1,000 or more than $2,000 per township per annum.
 

 This court will take judicial notice of the fact that there are 1,412 separate and distinct townships in the state of Ohio, and that if the $350,000 were to be distributed equally among all such townships it would pay only a fraction of the sum of $1,000 to each township. The general appropriation bill, referring to said sum of $350,000, contains the following limitation:
 

 “To be distributed in manner provided by Sections 6965 to 6972, General Code (110 O. L., 267). No township to receive in excess of $1,000 per year as state aid.”
 

 The original act having provided that in no event should the appropriation for each township per year be less than $1,000, and there being a latitude between $1,000 and $2,000, and the general appropriation bill having definitely provided that it should not be in excess of $1,000 per year, the legislative intent in the general appropriation bill must be held to be that $1,000 should be paid to each township applying. Reference having been made in the general appropriation bill to all sections of the general law, including Section 6971, wherein the minimum of $1,000 is fixed, it will be presumed that in framing the general appropriation bill the Legislature deemed it unnecessary to state that the minimum provided in Section 6971 should not be violated. Section 6971 is certainly
 
 in pari materia
 
 with the general appropriation bill, and when the two are read together there can be no
 
 *436
 
 difficulty in arriving at the legislative intent. The demurrer to the petition will therefore he overruled and the peremptory writ awarded.
 

 Writ allowed.
 

 Marshall, O. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.